IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:14-CR-3085 |
| vs. | AMENDED TENTATIVE FINDINGS |
| GARY A. GOFF, | |
| Defendant. | |

The Court has received the revised presentence investigation report in this case. The defendant has moved for a downward departure or variance (filing 225) and objected to the presentence report (filing 227).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has moved for a downward departure or variance[1] (filing 225). The defendant moves for a departure on several grounds. In addressing each of these grounds, the Court is mindful of the fact that a defendant bears the burden of proving the appropriateness of a downward departure. *United States v. Cantu,* 12 F.3d 1506, 1511 (9th Cir. 1993).

   (a) The defendant's first basis for departure is that he was "truthful and honest to law enforcement." Filing 226 at 6. But the Sentencing Guideline the defendant cites in support of departure, U.S.S.G. § 5K2.16, does not appear to apply here. That section permits a departure when a defendant "voluntarily discloses to authorities the existence of, and accepts responsibility for, the offense *prior to the discovery of such offense*, and *if such offense was unlikely to have been discovered otherwise*[.]" *Id.* It expressly does not apply "where the defendant's disclosure occurs in connection with the investigation or prosecution of the defendant for related conduct." *Id.*

   The defendant contends that he was truthful "[w]hen initially contacted by law enforcement at his home," which means—unless he was being contacted with respect to a completely different offense—that § 5K2.16 does not apply. The defendant's cooperation with the investigation is more properly accounted for by a reduction in the offense level for acceptance of responsibility.

---

[1] In sentencing a defendant, the Court must first determine the advisory sentencing range as recommended by the Guidelines. Next, the Court must decide if any applicable Guidelines provisions permit a traditional "departure" from the recommended sentencing range. The term "departure" is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines. The calculation of the initial advisory Guidelines range, along with any applicable departures, results in a final advisory Guidelines sentencing range. Then, in determining the actual sentence that should be imposed, the Court must consider whether the factors in § 3553(a) justify a "variance" outside the final advisory Guidelines sentencing range. As opposed to a "departure," a "variance" refers to a non-Guidelines sentence based on the factors enumerated in § 3553(a). *United States v. Lozoya,* 623 F.3d 624, 625-26 (8th Cir. 2010).

*See United States v. Roberts*, 313 F.3d 1050, 1055 (8th Cir. 2002). And the Court may not *depart* on the basis of acceptance of responsibility. § 5K2.0(d)(2). Therefore, the Court's tentative finding is that a departure on the basis of § 5K2.16 is not warranted.

(b) The defendant's second basis for departure is a reduced mental capacity. Filing 226 at 6-8. A downward departure may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense. U.S.S.G. § 5K2.13. "Significantly reduced mental capacity" means the defendant, although convicted, has a significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B) control behavior that the defendant knows is wrongful. § 5K2.13 cmt. n.1. The defendant argues that his "diminished intelligence" warrants a departure. The Court will resolve this contention on the evidence presented at sentencing.

(c) The defendant's third basis for departure is the impact of a sentence of imprisonment on his dependents. Filing 226 at 8-9. Family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted. U.S.S.G. § 5H1.6. However, extraordinary family circumstances, *i.e.*, outside of the "heartland" of cases the Guidelines were intended to cover, can be the basis for a downward departure. *United States v. Haversat*, 22 F.3d 790, 797 (8th Cir. 1994); *see United States v. Bueno*, 549 F.3d 1176, 1181 (8th Cir. 2008). The defendant relies upon the care he helps provide for his elderly father-in-law. The Court will determine, based upon the evidence presented at sentencing, whether a departure on this basis is warranted.

(d) Finally, the defendant argues that even if none of those circumstances are independently sufficient to merit a departure, they warrant a departure when taken together. Filing 226 at 9-10. U.S.S.G. § 5K2.0(c) allows the consideration of characteristics or other circumstances, even if not ordinarily relevant to a determination of whether a departure is warranted, if such characteristics or circumstances are present to a substantial

degree, and if taken together they make the case an exceptional one. The Court will resolve this argument at sentencing.

The defendant also argues for a variance from the Guidelines range, based upon his personal circumstances and the § 3553(a) factors, including his minimal criminal history, and his failure to reoffend and efforts to rehabilitate himself, Filing 226 at 10-12. He also contends that the amount of pseudoephedrine for which he is being held responsible overstates his role in the offense, because he purchased much of it for personal use. Filing 226 at 12-14. The Court will resolve this issue at sentencing.

3. The defendant has also objected to the presentence report (filing 227). His objections are generally twofold.

   (a) First, the defendant objects to the amount of pseudoephedrine for which he is held responsible in the presentence report. Filing 228 at 4-6. He argues that he did not join the conspiracy until 2010, and any purchases made before then were for personal use. Filing 228 at 5. And he argues that the underlying evidence does not support the presentence report's findings regarding his number of pseudoephedrine purchases or the amount of the drug involved. Filing 228 at 5-6.

   At sentencing, the government has the burden of proof on disputed facts, and generally must satisfy a preponderance of the evidence standard. *United States v. Russell*, 234 F.3d 404, 408 (8th Cir. 2000). So, if the defendant objects to any of the factual allegations contained in the presentence report on an issue on which the government has the burden of proof, such as the base offense level and any enhancing factors, the government must present evidence at the sentencing hearing to prove the existence of the disputed facts. *United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004). Accordingly, the Court will resolve this objection on the evidence presented at sentencing.

   (b) The defendant also contends that he should receive a two-level decrease in the offense level based on "safety valve" eligibility. Filing 228 at 6-8. *See*, U.S.S.G. §§ 2D1.1(b)(17) and 5C1.2(a). However, the presentence report indicates that the government has not provided information indicating that the defendant has satisfied the safety valve criteria, particularly the truthful

- 4 -

> provision to the government of all information concerning the offense.
>
> The defendant relies upon information he provided to Lancaster County authorities during a non-custodial interview, despite a later failure to cooperate. Filing 228 at 7-8. But the defendant has the burden to show affirmatively that he has satisfied each requirement for the safety value, including whether truthful information and evidence have been given to the government. *United States v. Alvarado-Rivera*, 412 F.3d 942, 947 (8th Cir. 2005). The Court will resolve this issue based upon the evidence presented at sentencing.[2]

4. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

5. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

6. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

7. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

---

[2] The Court also notes that the safety valve is available so long as the government receives the information no later than the time of the sentencing hearing, even if a defendant's last-minute move to cooperate is a complete about-face. *Deltoro-Aguilera v. United States*, 625 F.3d 434, 437 n.3 (8th Cir. 2010); *see also, Morones*, 181 F.3d at 891; *United States v. Tournier*, 171 F. 3d 645, 646-47 (8th Cir. 1999).

Dated this 6th day of November, 2015.

BY THE COURT:

_____
John M. Gerrard
United States District Judge